IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | BANKRUPTCY CASE NUMBER |
| CATHY LISENBY )05-12336 | |
| )CHAPTER 7 CASE | |
| DEBTOR. ) | |

*************************************************************************

| | |
|---|---|
| CATHY LISENBY, ) | |
| f/k/a CATHY S. OUTLAW, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | AP #: 05-_____ |
| ) | |
| J.A. CAMBECE LAW OFFICE, P.C. &, ) | |
| ARROW FINANCIAL SERVICES, LLC., ) | |
| ) | |
| DEFENDANTS. ) | |

## **COMPLAINT**

### I. INTRODUCTION

1. This is a Complaint for damages, actual, statutory, and punitive, brought by Plaintiff, Cathy Lisenby f/k/a Cathy S. Outlaw, (hereinafter, "Cathy Lisenby"), against the Defendants, J.A. Cambece Law Office, P.C., (hereinafter, "Cambece") and against Arrow Financial Services, LLC., (hereinafter, "Arrow"), for willful violation of the bankruptcy automatic stay, 11 U.S.C. § 362 and for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter, "FDCPA").

2. The Plaintiff seeks damages for the Defendants' willful violation of the bankruptcy automatic stay for the Defendants' collection of a pre-petition debt.

3. The Plaintiff also seeks damages for the Defendants' violation of the FDCPA wherein the Defendants engaged in conduct the natural consequences of which was to oppress or abuse the Plaintiff and the Defendants used unfair or unconscionable means to collect a pre-petition debt during the course of the above-styled chapter 7 bankruptcy case.

### II. JURISDICTION AND VENUE

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. Venue before this Court is proper pursuant to 28 U.S.C. § 1409.

5. This Complaint contains both core and non core proceedings pursuant to 28 U.S.C. § 157.

**Page 1 of 5**

## III. PARTIES

6. Plaintiff, Cathy Lisenby, is a natural person residing in Houston County, Alabama.

7. Defendant, Cambece, is a Massachusetts corporation engaged in the collection of debts from consumers using the mail and telephone. The Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant, as such, is a debt collector as defined by the FDCPA. 15 U.S.C. § 1692a(6). The Defendant's principal place of business is located at Eight Bourbon Street, Peabody, Massachusetts 01960.

8. Defendant, Arrow, is an Illinois corporation engaged in the collection of debts from consumers using the mail and telephone. The Defendant regularly attempts to collect consumer debts alleged to be due another. Defendant, as such, is a debt collector as defined by the FDCPA. 15 U.S.C. § 1692a(6). The Defendant's principal place of business is located at 5996 West Touhy Avenue, Niles, Illinois 60714.

9. The alleged debt was an obligation or alleged obligation of Plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

## IV. FACTUAL ALLEGATIONS

10. On October 10, 2005, the Plaintiff, Cathy Lisenby, filed a petition for relief pursuant to Title 11, Chapter 7 of the United States Bankruptcy Code. The bankruptcy was filed in the Middle District of Alabama, Southern Division, with case number 05-12336. Included in her Schedule F (Creditors Holding Unsecured Nonpriority Claims), the Plaintiff listed a debt to Providian. Plaintiff also noted that Defendant, Cambece, and Defendant, Arrow, were collecting on the alleged debt owed to Providian.

11. The address for Defendant, Cambece, was listed on Plaintiff's Schedule F as Eight Bourbon Street, Peabody, MA 01960. The address for Defendant, Arrow, was listed on Plaintiff's Schedule F as 5996 W Touhy Ave, Niles, IL 60714.

12. Relief was granted pursuant to 11 U.S.C. § 362(a) on October 10, 2005. Said relief also initiated an automatic stay which prohibits certain collection activity by creditors.

13. On or about October 11, 2005, Enterprise Systems, Inc. served notice of the Plaintiff's bankruptcy to all creditors. A copy of said notice is attached hereto as Exhibit "A."

14. On or about October 12, 2005, the Honorable Cameron A. Metcalf, Esq., submitted, by facsimile, a "**NOTICE OF PROTECTION AFFORDED BY FILING A CHAPTER 7 BANKRUPTCY PETITION**" to the Defendant, Cambece. A copy of said notice is attached hereto as Exhibit "B."

15. On or about October 20, 2005, the Defendant, Cambece, acting as agent for Defendant, Arrow, drafted one hundred fifty dollars ($150.00) from the Plaintiff's bank account at Wachovia Bank.

16. 11 U.S.C. § 362(a)(6) prohibits "any act to collect, assess or recover a claim against the Debtor that arose before the commencement of the case...."

17. During the pendency of the instant Chapter 7 bankruptcy case, neither of the Defendants obtained termination, modification, or relief from the effects of the automatic stay as it pertains to the Plaintiffs bank account.

18. Prior to removing money from the Plaintiff's bank account, both Defendants were fully aware of the Chapter 7 bankruptcy case.

**COUNT I - WILLFUL VIOLATION OF AUTOMATIC STAY**

19. Plaintiff, Cathy Lisenby, adopts and incorporates paragraphs 1 through 18 as if fully set out herein.

20. The Defendant, Cambece, received at least two (2) written notifications of the order for relief and the imposition of the automatic stay .

21. The Defendant, Cambece, in its capacity as agent for Defendant, Arrow, was attempting to collect a pre-petition debt.

22. The Defendant, Arrow, received at least one (1) written notification of the order for relief and the imposition of the automatic stay.

23. The Defendant, Arrow, is also charged with receiving notice through its agent, Cambece.

24. Despite the abundance of notice to all Defendants regarding the existence of the Chapter 7 bankruptcy case and the subsequent automatic stay, the Defendants willfully violated the automatic stay by removing funds from the Plaintiff's bank account at Wachovia Bank.

25. Because of the Defendants' willful violation of the automatic stay, the Plaintiff suffered injuries consisting of, but not limited to, emotional distress, transportation costs, bank charges, overdraft charges, out of pocket expenses, and miscellaneous other expenses.

26. Because of the Defendants' actions, the Plaintiff was forced to hire counsel to prosecute this claim. 11 U.S.C. § 362(h) provides that any individual injured by a Defendant's willful violation shall recover attorney fees, costs, and in certain circumstances, punitive damages.

27. All of the Defendants' conduct rises to the level of willfulness.

## COUNT II - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff, Cathy Lisenby, adopts and incorporates paragraphs 1 through 27 as if fully set out herein.

29. The Defendants violated 15 U.S.C. § 1692d by engaging in "conduct the natural consequence is to harass, oppress, or abuse any person in connection with collection of a debt."

30. The Defendants violated 15 U.S.C. § 1692e(2) by misrepresenting the legal status of the debt.

31. The Defendants violated 15 U.S.C. § 1692e(5) by taking action that could not legally be taken.

32. The Defendants violated 15 U.S.C. § 1692f of the FDCPA by using "unfair or unconscionable means to collect" the pre-petition debt.

33. The Defendants violated 15 U.S.C. § 1692f(1) by collecting an amount not authorized by law.

32. As a result of the Defendants' actions, the Plaintiff suffered damages consisting of headaches, nausea, embarrassment, humiliation, loss of sleep, anxiety, nervousness, physical and / or mental suffering, pain, anguish, and fright.

WHEREFORE, Plaintiff, Cathy Lisenby, respectfully requests this Honorable Court enter judgment against the Defendant, J.A. Cambece Law Office, P.C., and Defendant, Arrow Financial Service, LLC., for the following:

   a) Punitive damages for the Defendants' willful violation of the bankruptcy automatic stay as afforded by 11 U.S.C. § 362;

   b) Actual damages;

   c) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

   d) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

   e) For such other relief that is just.

Respectfully submitted,

ESPY, METCALF & POSTON

*/s/ David G. Poston*
David G. Poston(POS007)
Attorney for Plaintiff
Post Office Drawer 6504
Dothan, Alabama  36302
334-793-6288
334-712-1617 Facsimile
E-mail lt@emppc.com