## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 05-12336-DHW
                                                   Chapter 7
CATHY SKIPPER LISENBY,

      Debtor.

_____

CATHY SKIPPER LISENBY,

      Plaintiff,

v.                                                 Adv. Proc. No. 05-1153-DHW

J.A. CAMBECE LAW OFFICE, P.C. and
ARROW FINANCIAL SERVICES, LLC,

      Defendants.

### MEMORANDUM OPINION

On December 1, 2005, plaintiff, Cathy Skipper Lisenby, filed a complaint against J. A. Cambece Law Office, P.C. and Arrow Financial Services, LLC for damages for violation of the automatic stay and violation of the Fair Debt Collection Practices Act.

On January 23, 2006, Lisenby filed an application for entry of default and a motion for default judgment. On February 9, 2006, the clerk entered default, and on February 15, 2006, an evidentiary hearing was held on the sole issue of damages.

## Jurisdiction

The court's jurisdiction in this adversary proceeding is conferred by 28 U.S.C. § 1334 and by the United States District Court for this district's order referring all title 11 matters to this court.

## Findings of Fact

Lisenby is a chapter 7 debtor who filed for bankruptcy protection in this court on October 10, 2005. Defendant Arrow Financial Services, LLC, is a third-party debt collector, and the Cambece Law Office, P.C. is Arrow's agent. Prior to Lisenby's filing for bankruptcy relief, the defendants drafted funds each month from her Wachovia Bank checking account to collect a debt owed by Lisenby to Providian Bank.

On October 12, 2005, two days after the bankruptcy case was filed, Lisenby's attorney wrote to the Cambece Law Office. That correspondence is Plaintiff's Exhibit 4. He advised Cambece of Lisenby's bankruptcy filing and provided other particulars such as the date of filing, the case number, and the name of court where the case was pending. Further, Lisenby's counsel noted that the debt being collected was that of Providian Bank c/o Arrow Financial Services. This letter was faxed to the Cambece Law Office. Plaintiff's Exhibit 5 evidences confirmation that the fax transmission was received by the Cambece Law Office.

Further, Lisenby's schedule of unsecured creditors (Schedule F), which was filed with her bankruptcy petition, lists Providian and reflects that Arrow Financial Services and J.A. Cambece Law Office represent Providian. The Clerk of Court gave notice of the commencement of Lisenby's case to Providian and to these two defendants. Plaintiff's Exhibit 6 is the Certificate of Service of the Notice of the Commencement of the Case. The certificate reflects that notice was given to the defendants on October 13, 2005.

On October 17, 2005, the Cambece Law Office drafted $150 from Lisenby's checking account. *See* Plaintiff's Exhibit 1. The money has not been returned to the debtor. As a result of the draft, there were insufficient funds in Lisenby's checking account to cover three check card purchases, and Lisenby was assessed $90 in overdraft service charges by her bank. Plaintiff's Exhibit 2 evidences those bank charges.

Lisenby earns $9.50 per hour. She took off work for one hour to deal with the bank overdraft charges. Later, fearing that more funds would be drafted by the defendants, she took off another hour from work to close her checking account. Lisenby has also missed 3 hours work to confer with her attorney regarding this matter and to testify at the evidentiary hearing. In all, her lost wages total $47.50.

Lisenby testified that the strain of these events has caused her to suffer physically and emotionally. She got sick at her stomach and felt helpless and betrayed. She felt "lost" as to solving this predicament.

Conclusions of Law

In this adversary proceeding, Lisenby asserts one count for willful violation of the automatic stay and a second count for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"). Lisenby seeks actual and punitive damages for violation of the automatic stay and maximum statutory damages and attorney's fees for violation of the Fair Debt Collection Practices Act.

Fed. R. Civ. Proc. 55 is made applicable to this adversary proceeding by Fed. R. Bankr. Proc. 7055. When the defendants failed to plead or otherwise defend, the clerk entered default pursuant to Fed. R. Civ. Proc. 55(a). However, because the plaintiff's claim was not for a sum certain, the clerk could not enter a default judgment. *See* Fed. R. Civ. Pro. 55(b)(1). Instead, the court set an evidentiary hearing for the purpose of determining the plaintiff's damages. *See SEC v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005)(stating that "default

3

is entered upon the defendant's failure to plead or otherwise defend, Fed.R.Civ.P. 55(a), but if an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered.")

Based upon the evidence adduced at the evidentiary hearing, the court finds that Lisenby suffered damages as a result of the defendant's willful violation of the automatic stay. Lisenby suffered, exclusive of any physical or emotional damage, actual damages of $287.50. That amount comprises the $150 paid to the defendants post-bankruptcy from Lisenby's checking account, $47.50 in lost wages, and $90 in bank overdraft fees.

In addition to actual damages, punitive damages are available to a plaintiff for a willful violation of the automatic stay. *See* 11 U.S.C. § 362(h). The defendants have not returned the funds withheld postpetition from Lisenby's checking account. That fact, coupled with their failure to respond to this adversary proceeding, indicates a callous disregard for the rights of the debtor or of the bankruptcy estate thereby warranting the imposition of $1,000 punitive damages.[1]

Further, the court finds that the plaintiff is entitled to statutory damages of $1,000 against each defendant for violation of the Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692k.

Finally, both 11 U.S.C. § 362 and 15 U.S.C. § 1692k allow the prevailing plaintiff to recover reasonable attorney's fees. The plaintiff filed a motion and accompanying affidavit to support an award of attorney's fees, costs, and expenses.

---

[1] $1,000 punitive damage is approximately 3½ times the actual damages in this case. The actual damages do not include damages for physical or emotional injury.

4

The plaintiff requests $2,644.55 attorney's fees for 12.67 hours of work, $259.70 paralegal fees, and $27.20 costs and expenses for a total of $2,931.45. Upon review of the motion and affidavit, the court concludes that this amount is reasonable.

Conclusion

For these reasons, plaintiff's motion for default judgment is due to be granted. Pursuant to Fed. R. Bankr. Proc. 9021, a default judgment consistent with this memorandum opinion will enter separately.

Done this the 22nd day of February, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Cathy Skipper Lisenby, Plaintiff
   David G. Poston, Attorney for Plaintiff
   J.A. Cambece Law Office, P.C., Defendant
   Arrow Financial Services, LLC, Defendant

5